LESLIE H. SOUTHWICK, Circuit Judge,
concurring.
I concur in the opinion but write separately as to Section III.A.3. The majority concludes it is strongly likely the EPA improperly required scrubber installations “after the period of time covered by the current round of implementation plans,” meaning after the end of the current plan in 2018.
The problem as the petitioners put it is that the EPA has in effect required that parts of the federal plan be implemented after the end of the ten-year period. That argument focuses on the back-end of the requirement. It seems equally proper when determining the EPA’s authority to focus on the front-end, which is that the construction must start during the ten-year plan period. The EPA found “that five years is an adequate amount of time to allow for the installation of scrubber retrofits, and three years is an adequate amount of time to allow for the installation of scrubber upgrades.” 81 Fed. Reg. 296, 305 (Jan. 5, 2016).
Indeed, the fact that construction must begin now is central to the argument on irreparable injury. As the Texas Energy petitioners say in their briefing: “Construction of the new scrubbers that EPA’s rule mandates involves massive expenditures, extensive coordination, and long lead-times for planning, design, engineering, procurement, permitting, and actual construction. EPA’s rule provides the bare minimum amount of time for completing this work, and the clock has already started ticking.” That argument clearly accepts that the work ordered on the scrubbers must begin now, well before the end of the current plan.
I do not believe we need to decide whether the EPA has such authority. It is unclear to me whether the Regional Haze Rule dictates a time frame within which projects must be completed. One view is that the recurring ten-year deadlines for submitting revised state plans are administrative benchmarks, checkpoints at which the State and the EPA must review progress and revise reasonable progress goals and long-term strategies. See 40 C.F.R. § 51.308(f). Stated another way, the Rule does not clearly impose a requirement that everything begun during a plan term must be completed during that same term. As just discussed, the enormity of some projects that might limit pollution from coal plants could require years of construction. Limiting the State’s or the EPA’s authority to establishing plans that require every project begun during the plan term also be completed seems impractical and not clearly required by statute or regulation. Indeed, the goal of the recurring plans is “to attain natural visibility conditions by 2064.” Id. § 51.308(d)(l)(i)(B). To reach that goal, plans presumably must be shaped in a way that considers how far along the road to that goal the current plan’s steps will take the State.
I close with an observation' about the problems of requiring each ten-year plan to be, as it were, self-contained temporally, problems well exemplified by the record in this case. Texas’s, initial implementation plan remains un-finalized, and how much of it is to be implemented may well not be resolved before a revised plan is due on July 31, 2018. Similar delays may be expected in the submission of revised plans for the next ten-year period. If, as the majority concludes, a plan may only include projects designed to be completed before the next revision is due, but the approval of that next plan may be as delayed as the approval of this one, significant construction projects may never be *437 feasible. Because I do not see clarity in the statute or regulations, I am reluctant to state categorically that EPA could not require a construction project to begin within the plan period even though it would not end until later.
Notwithstanding these concerns, I concur in the majority’s conclusion because the petitioners have a strong likelihood of showing the EPA exceeded its statutory authority by disapproving Texas’s and Oklahoma’s implementation plans and imposing a federal implementation plan. I would grant the petitioner’s motion to stay without addressing the import of the Rule’s recurring ten-year periods.